OFFICE OF
THE ATTORNEY GENERAL

Grover Sellers
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. O-7039

Re: Whether an individual may be an
officer in more than five cor-
porations, each of which owns
a package store permit, and re-
lated questions.

Dear Sir:

We have received your letter of January 9, 1946,
which we quote as follows:

"W. L. Moody, Jr., of Galveston, and cer-
tain associations in and out of Texas are the
principal stockholders, officers and directors
in eight Texas corporations and two out-of-state
corporations doing business in Texas. The Texas
Liquor Control Board has just discovered that it
has issued eleven permits to these corporations,
and now application for a Package Store Permit
has been made in the name of another Texa cor-
poration.

"In checking the various applications and
in checking the information furnished this of-
fice by the representatives of the various cor-
porations, it has now been disdosed that in
several instances certain stockholders own stock
in more than five corporations having Package
Store Permits; more than five of the corporations
in some instances are represented by common offi-
cers and directors.

Honorable Bert Ford - Page #2

"The questions the Board would like to have answered are as follows:

"1.  Can one individual be an officer in more than five corporations, each of which owns a Package Sotre Permit?

"2.  Can one individual be an officer in more than five corporations, each of which owns a Package Store Permit even though such individual has no stock ownership or other monetary interest in such corporation?

"3.  Can one individual be a director in more than five corporations, each of which owns a Package Sotre Permit?

"4.  Can one individual be a director in more than five corporations, each of which owns a Package Store Permit, even though such individual has no stock ownership or other monetary interest in such corporation?

"5.  Can one individual own stock in more than five corporations, each of which owns a Package Store permit?

"6.  Can one individual have an interest represented either as a stockholder, director or officer in more than five corporations, if each corporation has a Package Store Permit?

"7.  Can one individual be an officer, director, or stockholder in one or more corporations, each of which owns a Package Store Permit, and also individually own or own an interest in five additional Package Store Permits?

"8.  Could an individual who owns five Package Store Permits act as independent executor or

trustee for an estate that owns an interest in
a Package Store Permit?

"9.   Could an estate continuously own stock
in more than five corporations, each of which owns
a Package Store Permit?

"10.   Could an estate own stock in a holding
corporation which does not itself own a Package
Store Permit but does own stock in five other cor-
porations, each of which owns Package Store Permits,
and also be the owner of stock in a sixth corpora-
tion which owns a Package Store Permit?

"I desire to refer you to Section 17 (2), page
27, and the definition of 'person' on page 4 of the
printed Act.

"I also want to call your attention to Opinion
No. 3004 dated September 1, 1937, written by Vernon
Coe, Assistant Attorney General. For your conven-
ience I attach a copy of said opinion.

"Your valued opinion as to the above questions
will be appreciated, as a new corporation with
stockholders, officers and directors in some of the
original ten corporations mentioned above has made
application for a Package Store Permit."

As your questions are phrased generally, we shall
answer them accordingly and assume that there are no addi-
tional facts other than those which you specify.

The provisions of the Texas Liquor Control Act, as
recorded in Vernon's Penal Code of Texas, which give rise to
your questions are as follows:

"Article 666-17. (2)  It shall be unlawful
for any person to hold or have an interest in

more than five (5) Package Stores or the business thereof. It shall further be unlawful for any person to hold or have an interest in more than five (5) Package Store Permits."

"Article 666-3a. 'Persons' shall mean and refer to any natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them."

Under the foregoing statutory provisions, a natural person or a corporation may (1) hold or (2) have an interest in a maximum of five package stores or package store permits, provided all other requirements of the liquor Act are fulfilled. Although the term "holder" is not defined in the Act, it is the person who makes application for and receives the permit. A corporation, being a separate entity under the laws of this State, is recognized as a person capable of holding a package store permit. As it is the corporation that holds the permit, it follows that neither the officers nor the stockholders of the corporation are the individual holders thereof. The problem here then is the nature of the interest a stockholder and officer of the corporation has in the permit held by the corporation.

The issues you present here in your first six questions involve principally that of common corporate stockholders, directors and officers in more than five corporations, each of which is the holder of a package store permit, and the effect thereof upon applying the provisions of that part of Article 666-17 (2), which reads:

"It shall be unlawful for any person to . . have an interest in more than five (5) package stores . . ., or . . . more than five (5) package store permits."

The holding in a previous opinion of this department to which you refer, No. 3004, is applicable to the

circumstances here. It was there held that ownership by one person of stock in three corporations did not violate the provisions of Art. 666-17(2), supra, even though the three corporations together owned more than five package store permits. The reasoning in that opinion was based upon a well defined line of Texas authorities holding that a stockholder in a corporation does not own an interest in the assets of a going corporation and consequently the stockholder does not own an interest in the package store, the business thereof, or the package store permit held by the corporation. 10 Tex. Jur. 781, Sec. 3; Presnall vs. Stockyards National Bank, 151 S.W. 873, 876; Automobile Mortgage Company vs. Ayub, 266 S.W. 134.

This department has previously construed "interest" as used in Article 666-17(2) according to its legal rather than to its popular usage and as being synonymous with legal title or equitable title, or both, pursuant to the interpretation placed upon the term by Texas Courts and those of other jurisdiction. McAllister vs. Eclipse Oil Company, 98 S.W. (2d) 171; 10 Tex. Jur. 780, 781; Automobile Mortgage Co. vs. Ayub, 266 S.W. 134, U. S. vs. Delaware & Hudson Company, 213 U.S. 366; Byerly et al vs. Camey, 161 S. W. (2d) 1105. Although officers and directors generally manage corporate affairs, it is our position that a director or officer of the corporation occupys the same position as the stockholders with respect to their "interest" in the corporation under this statute. An officer's position with respect to the corporation is briefly stated in 19 C.J.S., Corporations, Section 741 as follows:

"The officers of a private corporation have no franchise in their offices; they are merely representatives or agents of the corporation."

Consequently, applying the holding of the opinion cited above and our construction of the word "interest", we arrive at the conclusion that a stockholder, officer or director of a corporation, regardless of his stock ownership, may belong to more than five corporations, each corporation holding a package store permit. We therefore answer your first six questions in the affirmative.

Honorable Bert Ford - Page #6

It is our further opinion that as a director, officer or stockholder in one or more corporations, each corporation holding a package store permit, has no legal interest in the going corporation, then he may individually and personally hold the statutory maximum of five package store permits. We therefore answer your question number 7 in the affirmative.

We proceed to your question number 8 relative to an individual who owns five package store permits and at the same time acting as independent executor or trustee for an estate that owns an interest in a Package Store Permit. A permit or license granted under the terms of the Texas Liquor Control Act, is a personal privilege and does not constitute property nor does it descend by the laws of testate succession but ceases upon the death of the licensee or permittee. However, the Texas Liquor Control Board may prescribe regulations whereby a new license may be applied for and issued without payment of additional fee as to unexpired periods of affected licenses upon the death of the holder of said license to the end that the value of the unexpired portion of the license shall not be lost to the successors in interest of any business involved and that the conduct of said business may be continued without interruption. See Art. 666-13, V.A.P.C. Said Article further provides "that any successor in interest must meet all requirements of law applicable to the holder of a permit or license under the terms of this act, except that the executor, administrator, trustee or receiver acting under any judicial proceedings shall not be required to be domiciled in the county in which the business is located."

Due to the fact that the quoted wording in the above statute creates an exception as to executors, it would seem to imply an assumption that an executor is a "successor in interest" to the deceased's estate. However, whether an individual who already holds a maximum of five package store permits can legally act as independent executor or trustee for an estate having a package store permit will depend upon his interest as executor in said estate according to our prior definition of the term interest under Article 666-17(2); namely, a legal interest synonymous with legal or equitable title.

Proceeding then, we find by Article 3314, V.A.C. S., that when a person dies, leaving a lawful will, all of his estate devised or bequeathed by said will vest immediately in the devisees or legatees; that upon the issuance of letters testamentary or of administration, the executor shall have the right of possession of the estate and shall hold said estate in trust to be disposed of in accordance with law. We find further by Article 3427, V.A.C. S., the executor has broad discretion in managing the business of the deceased for the welfare of the estate. Under these statutes, an independent executor is entitled to possession of the entire estate, real as well as personal. (Morrell vs. Hamlett, 24 S. W. (2d) 531; Caufield vs. Newman, 265 S. W. 1052). The independent executor or representative has nothing more than a temporary right to possession of the property of the estate. The nature of his possession is declared to be in trust, to be disposed of pursuant to law. Morrell vs. Hamlett, 24 S. W. (2d) 531; 13 Tex. Jur. 752; Brown vs. Canal Bank and Trust Company, C.C.A., La., 141 Fed. 2d 832. It is therefore our opinion that an independent executor or trustee, assuming that he has received no legacy or devise in the business of selling liquor by the terms of the will, does not have a legal interest in the assets of the estate to be distributed, as we have heretofore defined the term interest under Article 666-17(2). Consequently, we answer your eighth question in the affirmative.

As we have already determined the nature of the interest as set out in Article 666-17(2) and found that a stockholder does not have such an interest in a corporation, it is our further opinion that an estate would occupy the same position as an individual in that respect and ownership by the estate of stock in five or more corporations, each holding a package store permit, is likewise not a violation of Article 666-17(2) supra. We therefore answer your ninth and tenth questions in the affirmative.

We are not unmindful of the strong and growing line of legal authorities preventing the use of the fiction of corporate idenity for illegal purposes. The courts will

Honorable Bert Ford - Page #8

look beyond the corporate form to the purpose of it as well as to the officers associated with that purpose in order to determine if the corporate fiction is relied upon to circumvent the provisions of a statute. Here, however, as you have presented no facts which would lead us to such a conclusion this opinion must rest solely upon those facts set out in your letter.

We trust our findings herein will be of assistance to you.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By
/s/ Jack K. Ayer
Assistant

JKA:zd:mw

APPROVED MAR 1, 1946

/s/ Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

This opinion
considered and
approved in
Limited
Conference